IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


ANTHONY R. SHERROD                                    PLAINTIFF


v.                           No. 3:11-cv-51-DPM


MICHAEL J. ASTRUE, Social
Security Commissioner                                 DEFENDANT


ORDER

1.     Anthony Sherrod sought disability insurance benefits and supplemental security income.  He listed his medical problems as "[b]ack pain, arthritis, obesity, diabetes, [high blood pressure], cholesterol."  After a hearing, the Administrative Law Judge found that Sherrod was not disabled and that he could still perform light work with a sit/stand option and was capable of performing past relevant work as a cashier, cafeteria attendant, and shipping clerk.  The Appeals Council denied Sherrod's request for review, so the ALJ's decision became the Commissioner's decision.  Sherrod appeals, arguing that the ALJ's decision is not supported by substantial evidence.

In this Court's review, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive[.]" 42 U.S.C. § 405(g). "Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011). This Court considers all the evidence, but will not reverse simply because the evidence could also support a contrary conclusion. *Ibid.* And the Court defers to the ALJ's credibility determinations, "so long as they are supported by good reasons and substantial evidence." *Ibid.* (quotation omitted).

**2.** Sherrod first argues that the ALJ erred at step three by not finding that he met Listing 1.04 for spinal conditions. Sherrod also contends that the ALJ erred by not explaining why he found that Sherrod failed to meet this Listing. But "[t]he fact that the ALJ does not elaborate on this conclusion does not require reversal where the record supports his overall conclusion." *Jones v. Astrue*, 619 F.3d 963, 969 (8th Cir. 2010) (quotation and alterations omitted). This is one of those cases. The medical records, particularly from Drs. Cagle and Gilliam, provide substantial evidence supporting the ALJ's conclusion that Sherrod did not demonstrate an impairment or combination of impairments meeting the criteria of Listing 1.04. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006) (burden of proof).

-2-

**3.** Next, Sherrod argues that the ALJ erred in weighing the medical evidence and medical opinions. This Court must and does consider all the evidence. But the Court does not re-weigh the evidence and defers to the ALJ's credibility determinations "so long as such determinations are supported by good reasons and substantial evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). Even if this Court finds that the evidence supports two inconsistent positions, if "one of those positions represents the ALJ's findings, [then] the [C]ourt must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quotation omitted).

The Court declines Sherrod's invitation to re-weigh the evidence, of whatever stripe, here. Though, as Sherrod presses, some of the medical evidence and opinions in the record support his position, it is not enough to tip the scales in his favor. For example, his treating doctor's bottom-line opinion that Sherrod qualified for a handicapped license plate does not determine the disability issue before the Commissioner, though, of course, it is a fact favoring Sherrod's claim. Taking all the evidence into account, substantial evidence supports the ALJ's decision. And to the extent Sherrod challenges the ALJ's credibility analysis, the ALJ properly analyzed Sherrod's

subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) and related authority. Good reasons and substantial evidence support the ALJ's conclusion that Sherrod's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." *Transcript at 12; see also McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011).

    **4.** Sherrod also argues that the ALJ erred in determining his residual functional capacity. Following Social Security Ruling 96-8p and related regulations, the ALJ discussed the medical evidence, Sherrod's subjective complaints, and the other evidence. Rather than ignoring Sherrod's impairments and limitations, the ALJ acknowledged and accounted for them with the sit/stand option in his residual functional capacity determination. In short, substantial evidence supports the ALJ's decision on this point too. *Masterson v. Barnhart*, 363 F.3d 731, 737–39 (8th Cir. 2004).

    **5.** Next, did the ALJ err by not seeking a residual functional capacity opinion from Sherrod's treating physician or through a consultative examination? Sherrod says yes. "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to

-4-

make an informed decision." *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001) (quotation omitted). But here, as in *Haley*, "there was substantial evidence in the record to allow the ALJ to make an informed decision." *Ibid.* The ALJ committed no error on this point.

**6.** Sherrod argues last that the ALJ erred by failing to include all his limitations in the hypothetical scenarios he posed to the Vocational Expert. These hypotheticals, Sherrod says, should have included his physical limitations from his back problems, irritable bowel syndrome, and seasonal allergies. Sherrod's argument, however, is moot. The Court has concluded that the ALJ's decision—Sherrod has the residual functional capacity to perform light work with a sit/stand option and is capable of performing past relevant work as a cashier, cafeteria attendant, and shipping clerk—is supported by substantial evidence. This conclusion means that Sherrod's case is decided at step four. "Vocational expert testimony is not required at step four where the claimant retains the burden of proving [he] cannot perform [his] prior work. Therefore, [Sherrod's] claim that the ALJ posed a defective hypothetical to the vocational expert is moot." *Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003) (citations omitted).

-5-

\* \* \*

The Court affirms the Commissioner's decision and dismisses Sherrod's

complaint with prejudice.

So Ordered.

D.P. Marshall Jr.
United States District Judge

22 March 2012